**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | |
|---|---|
| ASHLEY ELIZABETH MARTIN,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES, MAXIMUS EDUCATION, LLC d/b/a AIDVANTAGE;<br><br>Defendants. | Case No.: 4:26CV-171-DJH<br><br>**COMPLAINT WITH JURY TRIAL DEMAND** |

Plaintiff Ashley Elizabeth Martin ("Plaintiff"), by and through the undersigned counsel, files this Complaint and alleges, based upon Plaintiff's personal knowledge, information and belief, and the investigation of counsel, as follows:

**INTRODUCTION**

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA").

**PARTIES**

2. Plaintiff is a natural person residing in Owensboro, Kentucky, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

3. Defendant Equifax Information Services, LLC ("Defendant Equifax" or "Equifax") is a limited liability company with a principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309, and is authorized to do business in the State of Kentucky, including within this District. Equifax can be served through its registered agent, Corporation Service Company, at 315 High Street, Frankfort, Kentucky 40601.

4. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

5. Defendant Experian Information Solutions, Inc. ("Defendant Experian" or "Experian") is a corporation with a principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626, and is authorized to do business in the State of Kentucky, including within this District. Experian can be served through its registered agent, C T Corporation System, at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

6. Experian is a "consumer reporting agency" as defined in 15 U.S.C. ¬ß 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. ¬ß 1681a(d), to third parties.

7. Defendant Trans Union LLC ("Defendant Trans Union" or "Trans Union") is a limited liability company with a principal place of business located at 555 West Adams Street, Chicago, Illinois 60661, and is authorized to do business in the State of Kentucky, including within this District. Trans Union can be served through its registered agent, Corporation Service Company, at 315 High Street, Frankfort, Kentucky 40601.

8. Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. ¬ß 1681a(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. ¬ß 1681a(d) to third parties.

9. Defendant Credit Control Services, Inc. d/b/a Credit Collection Services ("Defendant CCS" or "CCS") is a limited liability company with a principal place of business located at 725 Canton Street, Norwood, MA 02062, and is authorized to do business in the State of Kentucky, including within this District.

10. CCS is a "furnisher" of consumer information, as that term is used in 15 U.S.C. § 1681s-2 and defined in 12 C.F.R. § 1022.41(c).

11. Defendant Maximus Education, LLC d/b/a Aidvantage ("Defendant Aidvantage" or "Aidvantage") is a limited liability company with a principal place of business located at 1600 Tysons Boulevard, Suite 1400, McLean, VA 22102, and is authorized to do business in the State of Kentucky, including within this District. Aidvantage can be served at its registered agent Corporation Service Company, at 315 High Street, Frankfort, Kentucky 40601.

12. Aidvantage is a "furnisher" of consumer information, as that term is used in 15 U.S.C. § 1681s-2 and defined in 12 C.F.R. § 1022.41(c).

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

15. In or around 2020, Plaintiff became aware of the presence of inaccurate information appearing in her consumer files and consumer reports that did not belong or otherwise pertain to her.

16. At the time, Plaintiff reasonably believed that the accounts had been opened in her name by another person and initially suspected that she was a victim of identity theft.

17. Upon discovering these inaccuracies, Plaintiff began submitting disputes with various consumer reporting agencies in an effort to correct the erroneous reporting and remove the accounts that did not belong to her.

18. Upon information and belief, Plaintiff submitted disputes with Equifax, Experian, and Trans Union (collectively the "CRAs") regarding the accounts that did not belong to her.

19. From 2021 through November 2025, Plaintiff repeatedly disputed the inaccurate information.

20. Despite Plaintiff's repeated disputes, her efforts proved futile. Although certain accounts were temporarily deleted from her credit files following some disputes, those same accounts were later reinserted and continued to appear on her consumer reports in the years that followed.

21. Plaintiff eventually grew frustrated with the recurring inaccuracies that continued to appear and be reinserted on her credit file.

22. In an effort to resolve the issue, Plaintiff contacted various furnishers directly to confirm that she had no connection to the inaccurate account information being reported by those furnishers and to rectify the issue.

23. On February 16, 2026, Plaintiff contacted Capital One to verify the accuracy of the account appearing on her consumer reports. During this communication, Plaintiff was informed that she does not have any accounts with Capital One that were opened in 2023.

24. On February 18, 2026, Plaintiff contacted Aidvantage to inquire about the account being reported on her consumer reports. The Aidvantage representative conducted a search using Plaintiff's Social Security Number but was unable to locate any account associated with Plaintiff.

25. Thereafter, on February 25, 2026, Plaintiff contacted CCS. Upon review, the representative identified only one account related to Progressive Insurance under Plaintiff's SSN. This account, however, does not appear on Plaintiff's consumer reports.

26. These communications further confirmed that the accounts being reported do not belong to Plaintiff.

27. On February 26, 2026, Plaintiff obtained a copy of her consumer reports and was alarmed to discover the extent of the inaccurate information being reported by the CRAs.

28. Upon reviewing the contents of her consumer reports, Plaintiff discovered numerous inaccurate accounts and other inaccurate information being reported on her consumer reports, as follows:

| **Inaccurate Accounts and Information** | **Equifax** | **Experian** | **Trans Union** |
|---|---|---|---|
| Credit Collection Services<br>Account Number: 846656XX<br>Date Opened: 11/24/2020<br>Balance: $298 past due as of Jul 2025<br>Status: Collection account<br>Original Creditor: Liberty Mutual | | X | X |
| Dept of Ed/Aidvantage<br>Account Number: 909551XXXXXXXXXXXX<br>Account Type: Education<br>Date Opened: 09/05/2023<br>Balance: $9,608<br>Status: Open/Never late. Deferred; payments begin in May 2027 | | X | X |

| | | | |
|---|---|---|---|
| Dept of Ed/Aidvantage<br>Account Number: 909551XXXXXXXXXXXX<br>Account Type: Education<br>Date Opened: 11/13/2024<br>Balance: $5,228<br>Status: Open/Never late. Deferred; payments begin in May 2026 | | X | X |
| Credit Collection Services<br>Account Number: 850407XX<br>Date Opened: 12/15/2020<br>Status: Paid in settlement<br>Original Creditor: Liberty Mutual | | X | |
| Capital One<br>Account Number: 517805XXXXXXXXXX<br>Date Opened: 02/28/2023<br>Status: Paid, Closed<br>Payment history: 30 days past due as of Aug 2024, 60 days past due as of Jul 2024 | | X | |
| Credit Collection Services<br>Account Number: *0738<br>Date Opened: 12/15/2020<br>Balance: $0<br>Status: Paid in settlement<br>Original Creditor: Liberty Mutual | X | | |
| 2951 W Madison St Apt 205, Louisville, KY 40211 | X | X | |
| 1134 Lehigh Ave, Louisville, KY 40215-2358 | | X | |
| 1635 Plymouth Ct Apt 7, Louisville, KY 40203-3581 | | X | |
| 938 Marshall St, Louisville, KY 40204-6010 | | X | |
| 210 Douglas Park, Louisville, KY 40214-2038 | | X | |
| 1002 S 40th St, Louisville, KY 40211-2508 | | X | |
| Name: Ashley J Martin | | X | |
| Phone Number: (502) 684-1707 | | X | |
| Phone Number: (502) 368-7917 | | | X |
| Social Security Number: XXX-XX-1772 | | X | |

29. None of the foregoing accounts or items of information (the "Inaccurate Information") belong or otherwise pertain to Plaintiff.

30. Upon information and belief, on multiple occasions from at least March 2024 through the present, Defendants Equifax, Experian, and Trans Union have each prepared consumer reports concerning Plaintiff that contained some or all of the Inaccurate Information described herein and have furnished those reports to third-parties.

31. The Inaccurate Information negatively reflects upon Plaintiff, her credit repayment history, her financial responsibility as a debtor, and her creditworthiness.

32. Defendants Equifax, Experian, and Trans Union have been reporting the Inaccurate Information through the issuance of inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

33. By reporting some or all of the Inaccurate Information in consumer reports about Plaintiff, despite the fact that such information does not belong or otherwise pertain to her, Defendants Equifax, Experian, and Trans Union failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's consumer reports, in violation of 15 U.S.C. § 1681e(b).

34. Upon information and belief, Plaintiff has disputed some or all of the Inaccurate Information with Defendants Equifax, Experian, and Trans Union, and each has nonetheless continued to report such information without conducting a reasonable reinvestigation, in violation of 15 U.S.C. § 1681i(a).

35. Upon information and belief, Defendants Equifax, Experian, and Trans Union received Plaintiff's disputes regarding some or all of the Inaccurate Information and requests that such information be removed from her credit files.

36. Upon information and belief, in response to Plaintiff's disputes, Defendants Equifax, Experian, and Trans Union each initiated one or more Automated Consumer Dispute Verifications ("ACDVs") or similar dispute notices to Defendants CCS and Aidvantage concerning the Inaccurate Information.

37. Upon information and belief, Defendants CCS and Aidvantage received those ACDVs and dispute notices but failed to conduct a reasonable investigation and continued to verify the Inaccurate Information as accurate.

38. Defendants Equifax, Experian, and Trans Union failed to review and consider all relevant information provided by Plaintiff in support of her disputes.

39. Defendants Equifax, Experian, and Trans Union failed to conduct reasonable reinvestigations of Plaintiff's disputes, failed to delete or correct the Inaccurate Information, and instead continued to publish some or all of the Inaccurate Information in subsequent consumer reports about Plaintiff.

40. Defendants Equifax, Experian, and Trans Union each violated 15 U.S.C. § 1681i(a) by failing to conduct reasonable reinvestigations of Plaintiff's disputes regarding the Inaccurate Information and by failing to delete or modify that information.

41. Upon information and belief, after receiving ACDVs and dispute notices from one or more of the CRAs, Defendant CCS failed to reasonably review all relevant information concerning Plaintiff's disputes, including information showing that the CCS accounts do not belong to Plaintiff.

42. Upon information and belief, Defendant CCS responded to those ACDVs by verifying the disputed CCS accounts as accurate, resulting in portions of the Inaccurate

Information to remain on Plaintiff's Equifax, Experian, and/or Trans Union credit files and consumer reports.

43. Defendant CCS violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's disputes, failing to review all relevant information provided by the CRAs, and failing to accurately report that the disputed CCS account(s) do not belong to Plaintiff.

44. Upon information and belief, after receiving ACDVs and dispute notices from one or more of the CRAs, Defendant Aidvantage failed to reasonably review all relevant information concerning Plaintiff's disputes, including information showing that the Aidvantage accounts do not belong to Plaintiff.

45. Upon information and belief, Defendant Aidvantage responded to those ACDVs by verifying the disputed Aidvantage accounts as accurate, causing the Inaccurate Information to remain on Plaintiff's Experian and/or Trans Union credit files and consumer reports.

46. Defendant Aidvantage violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's disputes, failing to review all relevant information provided by the Consumer Reporting Agency Defendants, and failing to report accurately that the disputed Aidvantage accounts do not belong to Plaintiff.

## DAMAGES

47. At all times pertinent hereto, Defendants were acting by and through their respective agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

### Actual Damages

48. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages.

49. As a result of Defendants reporting another individual's information on Plaintiff's consumer reports, Defendants have made it practically impossible for Plaintiff to obtain credit.

50. As a result of the ongoing mixed-file errors and inaccurate reporting on her consumer reports, Plaintiff has suffered significant emotional distress and anxiety. Plaintiff reasonably believed she was the victim of identity theft, lived in fear that someone had stolen and was misusing her personal information, and experienced constant worry about potential financial harm, fraudulent accounts, and damage to her credit standing. Plaintiff spent substantial time and effort reviewing her credit reports, contacting creditors, and attempting to resolve accounts and other information that did not belong to her, causing loss of time, inconvenience, and interference with her ability to maintain accurate credit reporting.

51. The uncertainty surrounding Plaintiff's financial identity caused ongoing stress, frustration, humiliation, and emotional distress, and she suffered reputational harm and embarrassment when questioned about accounts and negative information that were not hers.

52. Plaintiff has felt powerless and overwhelmed, believing that her personal information had been compromised and that she was at risk of further financial injury.

53. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered emotional distress, anxiety, reputational harm, loss of time, and financial hardship. Plaintiff recently applied for an auto loan because she urgently needs reliable transportation to commute to work in another state, but the negative and inaccurate credit reporting has impaired her ability to obtain affordable financing, causing additional stress, anxiety, and fear of losing her job due to unreliable transportation.

54. Plaintiff is a single mother raising four children without child support or family support, and the combination of mixed-file errors, denial or impairment of credit, and her inability

to replace her unsafe, unreliable vehicle has further exacerbated her emotional and financial injuries.

**Statutory and Punitive Damages**

55. At all times pertinent hereto, the conduct of Defendants, as well as that of their respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

56. Pursuant to 15 U.S.C. § 1681e(b), Defendants Equifax, Experian, and Trans Union are required to follow reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's consumer reports.

57. Despite this obligation, Defendants Equifax, Experian, and Trans Union willfully failed to follow reasonable procedures to assure the maximum possible accuracy of the information in Plaintiff's consumer reports.

58. Pursuant to 15 U.S.C. § 1681i, Defendants Equifax, Experian, and Trans Union are required to conduct reasonable reinvestigations of Plaintiff's disputes to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from Plaintiff's file.

59. Despite this obligation, Defendants Equifax, Experian, and Trans Union willfully failed to conduct reasonable reinvestigations of Plaintiff's disputes and delete the disputed Inaccurate Information from Plaintiff's files.

60. Pursuant to 15 U.S.C. § 1681s-2(b), after receiving notice of Plaintiff's disputes from one or more CRAs, Defendants CCS and Aidvantage were required to conduct reasonable investigations with respect to the disputed information, review all relevant information provided by the CRAs, and report the results of their investigations to those agencies.

61. Despite these obligations, Defendants CCS and Aidvantage willfully failed to conduct reasonable investigations of Plaintiff's disputes, failed to review and consider all relevant information showing that the disputed accounts did not belong to Plaintiff, and failed to direct the CRAs to delete or correct the disputed Inaccurate Information.

## CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. § 1681e(b)
### Equifax, Experian and Trans Union

62. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

63. Pursuant to 15 U.S.C. § 1681e(b), Defendants Equifax, Experian, and Trans Union are responsible for following reasonable procedures to assure maximum possible accuracy of information whenever Defendants prepare consumer reports.

64. Defendants Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's information when Defendants prepared consumer reports about Plaintiff that contained disputed, inaccurate information that does not belong or pertain to Plaintiff, in reckless disregard of the statutory requirements and Plaintiff's disputes.

65. As a result of Defendants Equifax, Experian, and Trans Union's conduct, actions, and inactions, Plaintiff has suffered actual damages as described herein.

66. As a result of Defendants Equifax, Experian, and Trans Union's willful noncompliance with 15 U.S.C. §§ 1681e(b), Plaintiff is entitled to recover actual damages or statutory damages of not less than $100 and not more than $1,000 per violation, and punitive damages, as provided by 15 U.S.C. § 1681n(a).

67. Alternatively, Defendants Equifax, Experian, and Trans Union were negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

68. Plaintiff is entitled to recover attorney's fees and costs of this action from Defendants Equifax, Experian, and Trans Union pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II**
**15 U.S.C. § 1681i**
**Equifax, Experian and Trans Union**

69. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

70. Pursuant to 15 U.S.C. § 1681i, Defendants Equifax, Experian, and Trans Union had an affirmative duty to conduct reasonable reinvestigations of the Inaccurate Information that Plaintiff disputed.

71. Defendants Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of the disputed, Inaccurate Information, in reckless disregard of the statutory requirements and Plaintiff's disputes.

72. As a result of Defendants Equifax, Experian, and Trans Union's conduct, actions, and inactions, Plaintiff has suffered actual damages as described herein.

73. As a result of Defendants Equifax, Experian, and Trans Union's willful noncompliance with 15 U.S.C. §§ 1681i, Plaintiff is entitled to recover actual damages or statutory damages of not less than $100 and not more than $1,000 per violation, and punitive damages, as provided by 15 U.S.C. § 1681n(a).

74. Alternatively, Defendants Equifax, Experian, and Trans Union were negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

75. Plaintiff is entitled to recover attorney's fees and costs of this action from Defendants Equifax, Experian, and Trans Union pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT III**
**15 U.S.C. § 1681s-2(b)**
**CCS and Aidvantage**

76. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

77. Pursuant to 15 U.S.C. § 1681s-2(b), after receiving notice of Plaintiff's disputes from one or more of the CRAs, Defendants CCS and Aidvantage had an affirmative duty to conduct reasonable investigations with respect to the disputed information, to review all relevant information provided by the CRAs, and to report accurately the results of their investigations.

78. Defendants CCS and Aidvantage violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations of Plaintiff's disputes, failing to review and consider all relevant information showing that the disputed accounts did not belong to Plaintiff, and failing to report accurately to the consumer reporting agencies that the disputed information was inaccurate or should be deleted.

79. As a result of Defendants CCS and Aidvantage's conduct, actions, and inactions, Plaintiff has suffered actual damages as described herein.

80. As a result of Defendants CCS and Aidvantage's willful noncompliance with 15 U.S.C. § 1681s-2(b), Plaintiff is entitled to recover actual damages or statutory damages of not less than $100 and not more than $1,000 per violation, and punitive damages, as provided by 15 U.S.C. § 1681n(a).

81. Alternatively, Defendants CCS and Aidvantage were negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

82. Plaintiff is entitled to recover attorney's fees and costs of this action from Defendants CCS and Aidvantage pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs and awarding Plaintiff such other and furth relief as the Court may deem appropriate and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: March 18, 2026

*/s/ James Craig*
James Craig
The Craig Firm
Waterfront Plaza Building, Suite 1808
325 West Main Street
Louisville, KY 40202
E: james@craigfirm.com
T: (502) 544-5667

*Attorneys for Plaintiff,*
*Ashley Elizabeth Martin*